Pigott, J.
(dissenting). David Powers has accomplished a significant amount since his (now expunged) conviction. After successfully completing an in-house drug treatment program, he graduated summa cum laude with a Bachelor of Science degree in accounting and obtained a Master of Science degree in taxation. He is currently a certified public accountant at a well-recognized accounting firm, which hired Powers notwithstanding his prior conviction. St. John’s University School of Law is apparently not as forgiving.
I respectfully dissent because, in my view, St. John’s failed to demonstrate with admissible proof that, had it known in 2005 that Powers had been convicted of a “distribution” offense as opposed to a personal use offense (which is what Powers led the school to infer on his application), it would have denied his admission. The only indication that this was St. John’s “policy” back in 2005 was a hearsay statement contained in the only affidavit submitted by a St. John’s representative, Assistant Dean for Students, Larry Cunningham, who was apprised of that “policy” by one Robert Harrison, Assistant Dean for Admissions and Student Financial Services. Although Dean Harrison may *219 have conveyed to Dean Cunningham that had St. John’s known that Powers had been convicted of a distribution offense it would have rejected Powers’s application “out of hand and would not have been submitted to the Committee on Admissions for review and consideration,” there is no affidavit from a St. John’s representative who had personal knowledge that that was, in fact, St. John’s policy when Powers applied in 2005. Whether that was, in fact, St. John’s policy is crucial to the determination of this proceeding.
I also disagree with the imposition of this particular penalty — rescission of Powers’s three semesters worth of credit. Ironically, the only reason the nature of Powers’s conviction was disclosed was because Powers requested a letter from St. John’s in support of his application for an advanced ruling from the Appellate Division concerning whether he would be admitted to the New York bar in light of his prior conviction, thereby demonstrating his clear goal of becoming an attorney. Given that Powers had obtained three semesters worth of credit and presumably paid tuition to attend, rescission of Powers’s application is, in my view, too harsh a penalty for the alleged infraction.
Chief Judge Lippman and Judges Read, Stein and Fahey concur; Judge Pigott dissents in an opinion; Judge Rivera taking no part.
Order affirmed, with costs, and certified question not answered as unnecessary.